# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00173-CR

**John Arick Coleman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 62,909, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant John Arick Coleman guilty of capital murder. *See* Tex. Penal Code Ann. § 19.03 (West 2003). As the State did not seek the death penalty, the trial court imposed the mandatory sentence of life without parole. We affirm the judgement of conviction.

The fatal incident took place on the night of February 5, 2008. At approximately midnight that evening, a travel trailer where the deceased, Ray Brantner, resided caught fire. Brantner's remains were found on his bed, and an adjacent fence had been freshly cut. A state fire marshall declared the fire arson and the accelerant gasoline. An autopsy revealed the cause of death was a fatal gunshot wound.

The girlfriend of the appellant, Maria Torres, testified at trial that on the night of the fatal event, appellant did not return to his apartment until approximately 12:45 a.m. This time was later confirmed by keypad records from the apartment security gate. Appellant proceeded to throw

away gasoline soaked clothes. Torres shared her concerns with a friend in the Bell County Sheriff's Office. Appellant told Torres he was in Austin on business that evening. Cell phone records, however, place the appellant in the area of the murder and not in Austin.

The sheriff's office placed appellant under surveillance. He was seen throwing away items that belonged to an ex-girlfriend who was dating and living near the deceased at the time of the murder. The ex-girlfriend reported that a .22 caliber pistol the appellant had given her when they were dating was missing from her residence. Although the pistol was not located, a search of appellant's apartment produced a pair of wire cutters. Prior to the murder, appellant and/or his vehicle were seen on two separate occasions on the property adjacent to the residences of the ex-girlfriend and the deceased. At trial, appellant did not testify or call any witnesses.

Appellant's court-appointed attorney on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). No pro se brief has been filed.

We have reviewed the record and find no reversible error. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous. Counsel's motion to withdraw is granted.

2

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   November 5, 2010

Do Not Publish